1  SUSAN S. MUCK (CSB No. 126930)
   smuck@fenwick.com
2  CATHERINE D. KEVANE (CSB No. 215501)
   ckevane@fenwick.com
3  MARIE C. BAFUS (CSB No. 258417)
   mbafus@fenwick.com
4  VINCENT BARREDO (CSB No. 275518)
   vbarredo@fenwick.com
5  FENWICK & WEST LLP
   555 California Street, 12th Floor
6  San Francisco, CA  94104
   Telephone:     415.875.2300
7  Facsimile:     415.281.1350

8  Attorneys for Defendants GoPro, Inc., Nicholas
   Woodman and Brian McGee

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JONG MIN PARK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOPRO, INC., NICHOLAS WOODMAN and BRIAN MCGEE,<br><br>Defendants. | Case No.: 3:18-cv-00193-EMC<br><br>CLASS ACTION<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>(Civil L.R. 3-12(b) and 7-11)<br><br>Judge: Edward M. Chen<br><br>Date Action Filed:  January 9, 2018 |

Pursuant to Civil Local Rules 3-12(b) and 7-11 of the United States District Court for the Northern District of California, defendants GoPro, Inc., Nicholas Woodman, and Brian McGee (collectively, "Defendants") hereby move the Court to consider whether this matter and three (3) subsequently filed securities class actions filed in the Northern District of California are related actions. In order of filing date, the matters submitted for determination under Civil Local Rule 3-12(b) are as follows:

| Case Name | Case Number | Filing Date |
|---|---|---|
| *Park v. GoPro, Inc., et al.* | 3:18-cv-00193-EMC | 1/9/2018 |
| *Dye v. GoPro, Inc., et al.* | 3:18-cv-00248-WHA | 1/11/2018 |
| *Arora v. GoPro, Inc., et al.* | 3:18-cv-00265-WHO | 1/11/2018 |
| *Ladd v. GoPro, Inc., et al.* | 5:18-cv-00533-EJD | 1/24/2018 |

(together, the "Securities Actions")

Civil Local Rule 3-12(a) provides that an action is related to another when: "(1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." These criteria are met here. The plaintiff in each of the above Securities Actions is a purported shareholder of GoPro, Inc. ("GoPro" or the "Company") who brings suit under §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §§78j(b) and 78t(a)) and Securities and Exchange Commission ("SEC") Rule 10b-5 (17 C.F.R. §240.10b-5) promulgated thereunder, on behalf of a proposed class, against the Company and the same two individual defendants. Each complaint focuses on the substantially similar transactions and events and contains substantially similar allegations and seeks the same relief. Given that substantially similar parties, transactions and events are involved in each of the Securities Actions, there will be an unduly burdensome duplication of labor and expense, and potentially inconsistent results, if the cases were to be conducted before different Judges. Accordingly, relating these actions will serve the interests of

1  judicial economy and avoid the potential for conflicting results, consistent with Civil Local Rule
2  3-12(a).
3       In furtherance of this motion, and in compliance with Civil Local Rule 7-11, defendants
4  obtained a stipulation from all counsel in the Securities Actions, agreeing that those matters
5  should be deemed related to this matter, the first filed action. *See* Stipulation Regarding
6  Administrative Motion to Consider Whether Cases Should Be Related and [Proposed] Order
7  Relating Cases, filed herewith. For all the foregoing reasons, defendants respectfully request that
8  this Court enter an order relating the Securities Actions.

Dated: January 30, 2018        FENWICK & WEST LLP

By: /s/ *Catherine D. Kevane*
     Catherine D. Kevane

Attorneys for Defendants GoPro, Inc., Nicholas Woodman and Brian McGee